# EXHIBIT A

| STATE OF NORTH CAROLINA | | File No. 1CV S00256 |
|---|---|---|
| Union County FILED | | In The General Court Of Justice<br>☐ District ☐ Superior Court Division |

Name Of Plaintiff: Marc Hibbard

2011 JAN 25 A 11:56

Address: 9219 Woodhall Lake Dr

UNION COUNTY C.S.C.

City, State, Zip: Waxhaw NC 28173

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS

G.S. 1A-1, Rules 3, 4

VERSUS

Name Of Defendant(s): JP Morgan Chase Bank NA

Date Original Summons Issued:

Date(s) Subsequent Summons(es) Issued:

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| JP Morgan Chase<br>C/O CT Corporation System<br>150 Fayetteville Street<br>Raleigh NC 27601 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued<br>1-25-11 | Time<br>11:56 ☒ AM ☐ PM |
|---|---|---|
| | Signature<br>☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

☐ **ENDORSEMENT**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

| Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|
| Signature | |
| ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01
©2001 Administrative Office of the Courts

(Over)

# RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
©2001 Administrative Office of the Courts

STATE OF NORTH CAROLINA ) IN THE GENERAL COURT OF JUSTICE
) SUPERIOR COURT DIVISION
COUNTY OF UNION )
FILED
)
) FILE NO ____CVS_____
2011 JAN 29 A 11: 55
)
MARC HUBBARD           UNION COUNTY C.S.C.
For himself and other Plaintiffs, )
Similarly situated, to be named as )
A Rule 23 Class Action Plaintiffs ) COMPLAINT
) (Jury Demand)
Plaintiffs, )
vs. )
)
JP Morgan Chase Bank, NA )
)
)
Defendant, )

11CVr00256

COMES NOW Marc Hubbard for himself as Plaintiff hereinafter ("Plaintiff"), and others to be added under Rule 23 of the Rules of Civil Procedure concerning "Class Action", and complains of the Defendant JP Morgan Chase Bank, NA and says the following:

### Parties

1. Plaintiff Marc Hubbard is a citizen of Union County North Carolina and submits himself to the jurisdiction and venue of this court.

2. Defendant JP Morgan Chase NA is a national bank incorporated under the laws of the United State of America and has worldwide offices, but lists its address for purposes of this foreclosure as 11200 W Parkland Avenue, Mailstop MW1A303, Milwaukee WI 53224.

3. Defendant was/is the holder of a Mortgage in the original principle amount of $1,300,000 which is recorded in Book 4770, Page 714 in the Union County Public Registry (subject only to the superior rights of this Plaintiff).

### Statement of Facts

4. Defendant as current owner acquired the subject mortgage from the original owner Washington Mutual, hereinafter "WAMU" as a result of the Sale of WAMU thru a forced liquidation by the Federal Reserve Bank, The US Controller of Currency and the FDIC because of the financial difficulties of WAMU.

5. The Defendant, thru the acquisition of the subject Deed of Trust is the holder of the subject mortgage and is thereby responsible for the actions, inactions, negligence, fraud, and all other wrongful acts, statutory breaches and violation of regulations applicable to the Rules of lending, and is thereby responsible for the wrongful actions performed or carried out by the current owner or its previous owners.

6. The Defendant or its prior owners of the first mortgage made a "construction/perm" loan on the property known as 9219 Woodhall lake Drive.

7. On or about June 25, 2008, the Plaintiff and Elijah Stewart entered into negotiation to buy the property located at 9219 Woodhall Lake Drive for $1,300,000.00 with the closing set to be July 5, 2009.

8. Elijah Stewart provided Plaintiff with an appraisal showing the value of the property to be $1,750.000.00.

9. Elijah Stewart represented that the house had a Certificate of Occupancy and the house was ready to be occupied.

10. On June 28, 2008, Plaintiff advanced a cashiers check for $100,000.00 made out to Elijah Stewart and a cashiers check for $40,000.00 made out to Century 21 Rick Emert.

11. Plaintiff made arrangements to move into the house on July 5, 2010. On that date, the Plaintiff arrived at the house in a moving truck to move into the house only to be greeted by the building inspector that informed the Plaintiff that the house did not have a Certificate of Occupancy.

12. Plaintiff then spent over $200,000.00 to obtain a Certificate of Occupancy and to finish constructing the house.

13. Moreover, in October 2009, Plaintiff was contacted by the FBI who informed Plaintiff that Stewart and Emert were involved in a Mortgage fraud scheme to defraud the Bank by obtaining a loan under false pretense and stealing construction loan proceeds.

14. Upon information and belief, Plaintiff's initial purchase of the home and the subsequent dealings with Defendant were all in furtherance a scheme to defraud unknowing Plaintiffs like Marc Hubbard. Upon information and belief, the aforementioned activities listed in paragraphs 1- 13 above were part of a wide spread scheme that has been labeled by the FBI as "Operation Waxhouse."

15. In November 2009, Plaintiff discovered that the Appraisal supplied in 2008 was in fact fraudulent and the house will not appraise for anything close to $1,300,000.00.

16. In December 2009, Plaintiff was supplied with a copy of the plans submitted and approved by the county. Plaintiff learned that the appraised value was based on the plans approved by the county but the final construction was completely different. Thus, the house will never appraise for enough to cover $1,300,000.00.

17. Plaintiff spoke to several representatives of WAMU and explained the situation. WAMU then informed Plaintiff that they were aware of the history of Fraud in the neighborhood and they admitted to this Plaintiff that they never inspected the house to ensure that the house was being built to specifications before releasing construction advances. Also, WAMU admitted that they never verified whether or not Elijah Stewart ever occupied the property. In addition, WAMU admitted that Stewart informed them that he never occupied the house.

18. On August 9, 2010, Stewart attempted to have Plaintiff evicted from the house. Case #: 10CVM01314. This Plaintiff filed a Notice of Lis Pendens on the house. Plaintiff prevailed at trial. (EXHIBIT A). Plaintiff then supplied Defendant Chase a copy of the Lis Pendens prior to the foreclosure.

19. The original loan was made to Elijah Stewart in the original amount of $1,300,000.00 and was foreclosed in Union County file number 10-SP108 in the Union County Clerk of Court [subject to the rights of this plaintiff] and bid $516.726.00.

20. This Defendant has been made aware of the problems with the house, which was not built under the plans and specifications as submitted, nor were advances made under applicable lending statues, all of which were to the extreme detriment of this Plaintiff, and constitutes a pattern of lending that is detrimental to other parties that will be added under Rule 23 of the Rules of Civil Procedure.

21. Because the subject suit concerns land and real estate in Union County NC, Union county is the proper jurisdiction for this action.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

22. The allegations set forth in Paragraph 1 through 21 of this Complaint are hereby reallaged and incorporated by reference into this First Cause of Action as if fully set out.

23. The Defendant [or its prior owners for whom this Defendant is bound], made a construction loan in the original amount of $1,300,000.00, to be built according to a set of plans and specifications and should have checked the credit and reputation of the owner/builder Stewart, but thru its negligence did not properly check the credit and reputation and the ability to repay of the owner/builder. Thru its negligence, the defendant did not make advances to the builder according to the percentage of completion of the structure or to the percentage of labor and material performed on the structure. After some construction and a default by Elijah Stewart, WAMU admitted to this Plaintiff that they had not checked construction or monitored advances of the property.

24. Thru the negligence of this Defendant, the lender did not properly check the credit or repayment ability of the owner/builder which committed fraud in obtaining advances. A fact, that could have been reasonably been discovered by prudent lending according to applicable lending regulations and which negligence thereby caused losses to this Plaintiff.

25. Thru the negligence of this defendant, the lender failed to compare the plans and specifications to the "as built" structure to see that a substantially less valuable structure was being constructed.

26. The subject house as constructed was obviously and foreseeably designed to be sold by the builder/owner so as to pay off the construction loan, but all funds were negligently advanced in the amount of $1,300,000.00 but the house was not completed for sale, to the extent that no "certificate of occupancy" would have been issued as a result of failure to complete under the plans, which this Plaintiff thereafter had to make advances to obtain a Certificate of Occupancy.

27. The advance by the negligent Defendant failed to see thru competent lending that the deck had not been completed, that the kitchen was unfinished and that there were to counters or appliances. That wiring in the house was not completed and that the lower level of the house was not sheetrocked and floored. Furthermore, the house was not landscaped, all of which the plaintiff had to complete prior to obtaining a CO.

28. Competent lenders require the issuance of a CO prior to making final advances, and this Defendant did not supervise construction.

29. The subject house contemplated a sale to an ordinary consumer, which said consumer being the plaintiff herein, who had no lending or construction experience. The sale of the house was reasonably foreseen as a sale to a consumer like Marc Hubbard the Plaintiff herein.

30. The negligent lending of the Defendant did or should have foreseen a sale of this disaster to a ordinary consumer and should have seen the loss to this Plaintiff and "those similarly situated" and this negligent construction therefore saw or should have seen the subject problem and the resulting cause of this loss to this plaintiff and those "similarly situated".

31. The negligent lending as set out above resulted in the loss to this plaintiff and "those similarly situated".

## SECOND CAUSE OF ACTION
## FRAUD IN LENDING
## QUANTUM MERRUIT

32. The plaintiff realleges and repleads paragraphs 1 – 31 and further complains of the Defendant, alleges FRAUD IN LENDING and asserts a equitable claim for QUANTUM MERRUIT, as follows:

33. The plaintiff alleges that the lender engaged in fraudulent lending in violation of the lending rules and regulations which are imposed upon National Banks which therein resulted in misleading this Plaintiff.

34. The Defendant made improper advances not supported by credit or backed up by assets upon the house that is the subject of this litigation, when it had [or should have had] knowledge and experience in lending; the Defendant in combination with its owner/builder put up a house that was not properly constructed nor was completed according to submitted plans, resulting in a house that "looked" substantially complete, but was not and therefore allowed the owner/builder to sell to the public [including this Plaintiff] that was not complete. This Plaintiff was induced to purchase the house and move into the house. The Plaintiff moved his pregnant wife, family and all furniture into the house. As a result of the incomplete construction, Plaintiff had to move out until a CO was issued.

35. The Plaintiff has previously filed a suit in Union county against the owner/builder and the realtor in the sale of a incomplete house, said suit being described as follows: 10CVS04180.

36. The violations of rules, regulations and customs and practices of lending were violated and thereby caused this Plaintiff to spend $350,000.00 to gain a certificate of occupancy and to complete the construction as required by the Union county building inspector to make the house habitable.

37. In conjunction with the suit against the builder Elijah Stewart and the Realtor Rick Emert, the Plaintiff filed a lawsuit to require completion of construction of the subject property and also filed a Lis Pendes. And herewith files and additional Lis Pendes as a part of the subject suit, requesting that this Court as a court of equity, place him in a position he occupied prior to the fraud and misrepresentations of the owner/builder and the realtor "in this suit", the incompetence, violation of lending regulations and negligence of this Defendant.

38. WAMU, as originator of the subject mortgage, now owed by Chase and JP Morgan Chase, negligently loaned Elijah Stewart for the subject house a construction loan which, upon information and belief was made for purposes of a "owner occupied" house and knew or should have known that the owner/builder Stewart was not a occupant or was to be a occupant or was never intended to occupy the subject house. At the same approximate time upon information and belief, Plaintiff alledges that Stewart applied for and was granted an additional owner occupied house under construction. The combination of the two "owner occupied" houses had construction loans of approximately $2,500,000.00.

39. The Plaintiff has been informed and believes the Elijah Stewart as a builder had little experience as a builder and the lender knew or should have known that the construction of two owner occupied houses was impossible and was contrary to lending standards imposed on the lender.

40. The construction loan was "construction/permanent" loan and had monthly payments in excess of $9,000.00 per month; the 2 nd house had a similar monthly payment of interest or curtailment. At the time of the loan in question, Elijah Stewart has a full time job with Duke Power instead of being engaged as a Builder or contractor had a monthly salary. The Plaintiff is informed and believes and therefore alleges that Elijah Stewart had a monthly income of less than$6,000.00. Whereas the monthly payments on both houses were in excess of $18,000.00. Therefore Stewart had insufficient assets to sustain even one house if the interest carry exceeded $2,000.00 per month. A fact that WAMU and Chase knew or by ordinary prudence and lending standards should have known.

41. The lender, WAMU, Chase, JP Morgan Chase, violated many lending rules in construction lending when it failed to determine if its builder was honorable, credit worthy or competent to build any house, even a small house, much less several houses that were substantially in excess of 7,000 sq feet each. The lender failed to inspect the percentage of completion according to lending rules to determine if any value was constructed according to its construction advances. The lender was further negligent in that it failed to obtain sufficient funds to ensure that the house could be completed. Wherefore, the Plaintiff had to advance funds to complete the structure. This Plaintiff by spending his personal funds has completed the subject house by spending $350,000.00 in order to complete the house, in order to close the house, and acquire a fee simple title to the house.

42. As a result of the advances of $350,000.00 by the Plaintiff and completion of the house, the house is now ready to close. This Plaintiff has been defrauded in the amount of $350, 000.00. The lender has been unjustly enriched in the amount of $350,000.00, because of the construction and improvements of the house located at 9219 Woodhall Lake Drive. As a result of the unjust enrichment of this lender, this Plaintiff is entitled to equitable relief by this court and is entitled to be given a Quantum Meruit claim from this unjustly enriched lender.

## THIRD CAUSE OF ACTION
## CIVIL RICO (18 USC SECTION 1964 AND FOLLOWING)

43. The allegations set forth in Paragraph 1 through 42 of this Complaint are hereby reallaged and incorporated by reference into this Third Cause of Action as if fully set out.

44. The conduct of the Defendant, as set out above, violated the Racketeer Influenced and Corrupt Organizations Act, 18 USC section 1964.

45. This Defendant has engaged in a pattern of racketeering activity which has resulted in the Defendant realizing significant gains. As such, a violator owes this Plaintiff treble damages under said act.

## FOURTH CAUSE OF ACTION
## UNFAIR TRADE PRACTICES

46. The allegations set forth in Paragraph 1 through 45 of this Complaint are hereby reallaged and incorporated by reference into this Fourth Cause of Action as if fully set out.

47. This Defendant has engaged in Unfair Trade Practices under the general statues of the State of NC and this plaintiff is therefore entitled to treble damages as set out in the actual allegations as set out in this complaint. Under said Statute this Plaintiff is entitled to treble damages under said act.

### FIFTH CAUSE OF ACTION
### IMPOSITION OF A LIEN ON THE SUBJECT PROPERTY IN FAVOR OF THE PLAINTIFF AHEAD OF THE ALLEDGED OWNERSHIP INTEREST OF THIS DEFENDANT.

48. The allegations set forth in Paragraph 1 through 47 of this Complaint are hereby reallaged and incorporated by reference into this Fifth Cause of Action as if fully set out.

49. As has been previously alleged and set out above the Plaintiff filed a Lis Pendes against this property in a earlier suit. The Plaintiff now files a second Lis Pendes on the Subject property.

50. A Lis Pendes constitutes a cloud upon the title and the Defendant did not properly notify this Plaintiff in order to discharge said Lis Pendes from the property. Therefore, since this defendant did not properly notify this Plaintiff, the title of the Defendant is inferior to and subject to the claim of this Plaintiff.

WHEREFORE, for the reasons set forth in this Complaint; Plaintiff respectfully prays the Court for Judgment as follows:

1. For Judgment for the Plaintiff and against Defendants in an amount in excess of $10,000.00 plus interest of the highest legal rate from the date of advances of the Plaintiff until paid, for the negligence of the Drfendant.

2. For recovery of Plaintiffs reasonable attorneys fees in accordance with and pursuant to N.C. Gen. Stat.§ 75-16.1;

3. That Court award as a measure of damages, in equity for Quantum Meriut damages in excess of $10,000.00

4. That the Court award damages pursuiant to RICO and that damages be trebled under said Act.

5. That this Court impose a First lien for the Lis Pendes previously filed together with the 2nd Lis Pendes filed herein and the title be awarded to this Plaintiff free and clear of all claims of the Defendant

6. The case be awarded Class Action status under Rule 23 of the appropriate statues and that the class action be certified and awarded

7. For treble damages pursuant to N.C. Gen. Stat. § 75-16 for unfair and deceptive trade practices; and

8. For such other and further relief as to the Court deems just and reasonable.

IN WINESS WHEREOF the complaint and Lis Pendes is executed this Tuesday, January 25, 2011.

Marc Hubbard
Pro Se
9219 Woodhall lake Drive
Waxhaw, NC 28173
(704) 345-4573
(704) 943-1538
Marchubbard83@aol.com

## Certificate of Service

I herby certify that a true and correct copy of the foregoing **Complaint** has been furnished by facsimile, Process Service and by depositing the same first class certified US Mail to the following address:

J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC
C/O CT CORPORATION SYSTEM
150 FAYETTEVILLE STREET
RALEIGH NC 27601

JP MORGAN CHASE BANK NA
11200 W Parkland Avenue
Mailstop MW1A303
Milwaukee WI 53224.

and that a true and accurate copy has been sent via fax and mailed to the Clerk of Superior Court at PO Box 5038, Monroe, NC 28111..

Marc Hubbard
Pro Se

11CVc00256

STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE
COUNTY OF UNION | DISTRICT COURT DIVISION

FILED

FILE NO __ CVS____

MARC HUBBARD          2011 JAN 25 A 11 55

        **Plaintiff,**

vs.                                    **LIS PENDENS NOTICE**

JP Morgan Chase Bank, NA

        **Defendant**

### TO THE CLERK OF SUPERIOR COURT OF UNION COUNTY.

You are hereby notified that on the 24th day of January 2011, the above suit was instituted by the undersigned in the above captioned and styled cause in the Superior Court in Union County in the State of North Carolina and that the above Defendant is a party to the said suit.

The following Real Estate recorded Instrument Number: 0025229, Book Number: 04188, Page Number: 0645, Address: 9219 Woodhall Lake Drive, Waxhaw, NC 28173, also known as Lot 28 Woodhall Phase II, Map 1, Sheet 2 of 2, Plat cabinet 1, file 523 of the Union County register of deeds, is involved in said suit, to-wit: The nature of the lien, right or interest sought to be enforced is as follows:

Plaintiff advanced money necessary to obtain a Certificate of Occupancy for the above referenced property. Plaintiff advanced to money necessary to complete the basement of the above referenced property. Defendant has defrauded the Plaintiff and has been unjustly enriched in the amount of $350,000.00 advanced for the construction of the house and other costs associated with it plus punitive damages.

Defendant and/or their successors or assigns have failed to convey the above consideration, therefore, Defendant holds the interest in trust for the benefit of the Plaintiff.

**WITNESS MY SIGNATURE THIS 24th day of January, 2011.**

        Respectfully Submitted

        _____
        Marc Hubbard
        Pro Se
        9219 Woodhall Lake drive
        Waxhaw, NC 28173
        (704) 345-4573

## Certificate of Service

I herby certify that a true and correct copy of the foregoing **Complaint** has been furnished by facsimile, Process Service and by depositing the same first class certified US Mail to the following address:

J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC
C/O CT CORPORATION SYSTEM
150 FAYETTEVILLE STREET
RALEIGH NC 27601

JP MORGAN CHASE BANK NA
11200 W Parkland Avenue
Mailstop MW1A303
Milwaukee WI 53224.

and that a true and accurate copy has been sent via fax and mailed to the Clerk of Superior Court at PO Box 5038, Monroe, NC 28111,.

_____
Marc Hubbard
Pro Se

